IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE TEAGUE, <br> #K-88876, <br><br> Plaintiff, <br><br> vs. <br><br> C/O SMITH and PINCKNEYVILLE <br> CORRECTIONAL CENTER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01090-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Bruce Teague, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

In the document before the Court, Plaintiff names as Defendants C/O Smith and Pinckneyville Correctional Center, but he provides no statement of his claim. In fact, the section designated for Plaintiff's statement is blank. (*See* Doc. 1, p. 5). In addition, Plaintiff fails to include any request for relief. *Id*. In filling out the civil rights complaint form provided by the Court, Plaintiff indicates that C/O Smith was not on his assigned gallery when another inmate, Thomas, cut his wrist. *Id*. at 2. Plaintiff states that he and other inmates had to yell for 15

1

minutes before any guards appeared, but that is the extent of information provided by Plaintiff on the complaint form.  Aside from the fact that Plaintiff has failed to provide a statement of his claim, the few statements he does make fail to even allege that he personally suffered any harm or that Defendants violated *his* Constitutional rights in any way.  But since the Complaint itself contains no formal statement of his claim, the Court has no way to assess Plaintiff's complaint or to determine whether Plaintiff has any legitimate claims against the named Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not provided a statement of his claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").[1]

---

[1] That being said, the Court notes that under no circumstances would Plaintiff be able to maintain a suit against Defendant Pinckneyville Correctional Center because, as a division of the Illinois Department of Corrections, it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

For this reason, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

### Pending Motions

**Motion for Recruitment of Counsel**

Plaintiff has filed a motion requesting that the Court recruit counsel to represent him in this matter. (*See* Doc. 2). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is even capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of

difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not indicate that he has made any effort to secure counsel. Other than noting that he has no money, he provides no details regarding any attempts he has made to secure counsel for himself. A lack of funds is certainly a major hindrance, but Plaintiff must demonstrate that he has at least made an effort before the Court will consider recruiting counsel on his behalf.

Moreover, although Plaintiff reveals that he has a limited education, it is not clear at this point that he is incapable of simply stating the relevant facts and legal claims. At this juncture, the Court is primarily concerned with whether Plaintiff has a colorable § 1983 claim, and if so, whether he is able to articulate that claim to this Court. Without a bit more information, the Court is unable to assess the merits of the case, let alone the complexity of the claims and Plaintiff's ability to present those claims to this Court. For these reasons, Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED** without prejudice. However, the Court will remain open to assigning counsel as the case progresses.

**Motion for Service of Process at Government Expense**

Since Plaintiff has been granted leave to proceed IFP (*see* Doc. 7), his motion for service of process at government expense (Doc. 2) would be unnecessary even if he had stated a colorable claim and, therefore, it is **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) and **DEFENDANTS C/O SMITH** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED without prejudice**.

**IT IS FUTHER ORDERED** that Plaintiff's motion for counsel (Doc. 2) is **DENIED without prejudice** and Plaintiff's motion for service of process (Doc. 3) is **DENIED as moot.**

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before November 30, 2015). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant that violated federal or constitutional law. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff

a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 26, 2015**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**